UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Juste, #078-361-619, | ) C/A No. 4:16-3575-MGL-TER </br> ) </br> ) </br> ) Report and Recommendation </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |
| Petitioner, | |
| vs. | |
| Correct Care Recovery Solutions, </br> Columbia Regional Care Center, | |
| Respondents. | |

This is an action filed by a pro se litigant who indicates that he is an immigration detainee.[1] Because Petitioner cannot leave the facility where he is detained on his own, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack,* 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

The undersigned is authorized to review habeas petitions for relief, as well as § 1983 actions, and submit findings and recommendations to the district judge. Petitioner's case is subject to dismissal for failure to state a claim upon which relief can be granted.

---

[1] In the past, this court has treated Plaintiff under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07mc-5015-JFA (D.S.C. Sept. 18, 2007), due to a lack of information as to whether Plaintiff's detainment by I.C.E. was due to improper entry(criminal) or unlawful presence(civil). *See* 8 U.S.C. §§ 1324d, 1325. The court now has information that Plaintiff is being detained criminally due to entering unlawfully in the 1990s, and subsequently committing the criminal offense of robbery. *See* 4:16-cv-03832-MGL-TER, ECF No. 1.

**DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and motion to proceed *in forma pauperis* pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. Following the required initial review, it is recommended that the Petition/Complaint submitted in this case should be dismissed for failure to state a claim.

**1. Procedural History and Facts**

Petitioner filed a handwritten "Petitioner Writ of [] 28 U.S.C. 2241 and 2242 Release out CRCC" on November 7, 2016. Plaintiff named as Respondents Correct Care Recovery Solutions and Columbia Regional Care Center. Petitioner was housed at that location in Columbia, South Carolina, when he mailed the Petition. ECF No. 1. The Petition stated it was a writ of habeas corpus challenging the unlawful and wrongful housing by Immigration and Custom Enforcement(ICE). Petitioner states he is being overheld.

As initially filed, the Petition was framed as a habeas action by Petitioner. On November 16, 2016, Petitioner was ordered to completely fill out a AO242 form, Petition for a Writ of Habeas Corpus under 28 USC § 2241 and to submit an *in forma pauperis* application. Petitioner did so on December 12, 2016. Under question eleven, Petitioner stated this case concerns an immigration proceeding and gave the following pertinent information. Petitioner's removal order was dated January 26, 2016 and he appealed to the Board of Immigration Appeals on March 28, 2016. His case was pending and the issue raised was wrongful detention and detention more than six months.[2]

However, question five of the Petition form asks what are you challenging in this petition and has the option to select immigration detention. Petitioner did not select immigration detention, but selected other and stated he was being forcibly medicated.

---

[2] Title 8 U.S.C. Section 1231 governs the detention of aliens after administrative orders of removal have been entered. The "removal period" is the 90-day period of time that follows the entry of a final order of removal. *Id.* § 1231(a) (1) (A).This statute and the Constitution do not permit indefinite detention. Section 1231(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court has recognized a period of six months of detention as presumptively reasonable under § 1231(a)(6). *Id.* at 701.

3

In the grounds for the Petition, Petitioner states he did not consent to medical treatment, was being forced to take medication, and he was wrongfully detained. As the request for relief, the Petition form states monetary compensation.

Petitioner has created a concoction of two very different claims. Some of his statements reference habeas and other statements can be construed to allege a § 1983 claim. This court will analyze the Petition/Complaint under each framework; both claims are subject to summary dismissal.[3]

**2. Habeas**

Even if, under a liberal construction, the Petition in this case is treated as a § 2241 action, it is subject to summary dismissal due to two improperly named respondents.

In a traditional prisoner habeas action challenging physical confinement, "there is generally only one proper respondent[:]" the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). "[T]he court issuing the writ [must] have jurisdiction over the custodian." *Id.* at 442-43. Generally, in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442-43 (quotation omitted). Here, Petitioner fails to name a *person* who has immediate custody of him with the ability to produce Petitioner. Petitioner has named a facility and a private entity which owns the facility.

---

[3] The court acknowledges the difference in procedural requirements between § 1983(Plaintiff must provide service documents; filing fee is $400) and § 2241(Plaintiff not required to file service documents; filing fee is $5). The undersigned in a separately docketed order finds the appropriate filing fee is that of $5 as Petitioner has not made only § 1983 allegations in his habeas petition and has not made frivolous habeas arguments but names incorrect respondents.

4

Additionally, Petitioner is currently confined in New York. The Respondents named here lack the authority to produce Petitioner or to comply with the court's orders if it were to order release. In other words, Petitioner is not in the custody of any person who remains within the District of South Carolina. Thus, the exception regarding jurisdiction after transfer cannot apply here. *See Rumsfeld*, 542 U.S. at 441. ("Thus, *Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.") No proper respondent has been named by Petitioner. Additionally, the person in New York with immediate custody of Petitioner is not within the personal jurisdiction of this court. Thus, the undersigned recommends summary dismissal of this Petition without prejudice.

**3. 42 U.S.C. § 1983**

Under a liberal construction, Plaintiff's Form AO242 as filled out by Plaintiff could be construed as a Complaint under § 1983. Plaintiff alleges that he did not consent to medical treatment and was forced to take medication. ECF No. 1-2.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n. 10. Complaints should contain facts in regard to who did what to whom and when. *Id.*

Section 1983 " is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

Plaintiff does not allege any injury nor does he name a specific person who forced him to take medication. In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983. A defendant in a § 1983 action must qualify as a "person." *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001). Columbia Regional Care Center does not exist as a legal entity capable of suing or being sued as it is a building, not a

6

person, and, thus cannot act under color of state law. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law, and therefore Columbia Regional Care Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished opinion). Correct Care Recovery Solutions is a private entity that owns Columbia Regional Care Center. *See* http://www.correctcarers.com/crcc/ (last visited Dec. 12, 2016). Plaintiff has not alleged how Correct Care Recovery Solutions is a person acting under color of state law such that it would be amenable to suit under § 1983. Thus, dismissal is appropriate and recommended for Plaintiff's claims.

## RECOMMENDATION

Accordingly, it is recommended that the Petition/Complaint in this case, under a liberal construction being construed as a § 2241 Petition or a § 1983 Complaint, be dismissed without prejudice, and without requiring the respondent to file a return or answer.

**IT IS SO ORDERED**.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 3, 2017
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).